IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3115-FL

| | |
|---|---|
| ANTHONY RODERICK PHILLIP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| GEO GROUP, INC.; GEORGE E. ) | |
| SNYDER; WALLACE BRANCH; ) | |
| TARA ALEXANDER; JOHN WHITE; ) | |
| JONATHAN MINER; THE BUREAU ) | |
| OF PRISONS; and HARLEY LAPPIN, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on multiple motions, fully briefed and ripe for decision. These include a motion to dismiss (DE # 124) pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, filed May 7, 2010, by defendants the Federal Bureau of Prisons ("BOP") and Harley Lappin ("Lappin") (collectively "BOP defendants"), and a third motion for summary judgment (DE # 150) pursuant to Federal Rule of Civil Procedure 56, filed November 22, 2010, by defendants Jonathan Miner ("Miner"), George Snyder ("Snyder"), Wallace Branch ("Branch"), Tara Alexander ("Alexander"), GEO Group, Inc. ("GEO Group"), and John White ("White") (collectively "GEO defendants"). Motions for appointment of an expert (DE # 154) and for leave of court to file a sur-reply brief to GEO defendants' motion for summary judgment (DE # 163), filed respectively by plaintiff December 13, 2010 and January 24, 2011, also come now before the court for decision. On its own initiative, the court reconsiders its order entered October 28, 2010,

denying plaintiff's amended motion to appoint counsel (DE # 136). As set forth below, the court grants plaintiff's motion for leave to file a sur-reply brief, denies the remaining motions, and now appoints North Carolina Prisoner Legal Services ("NCPLS") to represent plaintiff.

## STATEMENT OF THE CASE

The court finds it useful to parse in detail case events in its development of a comprehensive statement here, in preface to its discussion of the myriad issues raised now for decision. On July 1, 2009, plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Various employees of GEO Group which operates Rivers Correctional Institution ("Rivers"), a privately run facility where plaintiff resides, including Snyder, Branch, Alexander, White, and GEO Group, are named as defendants. Plaintiff alleges that these defendants acted with deliberate indifference to his exposure to second-hand smoke at Rivers.

In order entered July 15, 2009, this court determined on frivolity review where GEO Group is a private corporation,[1] it is not subject to suit under Bivens. See Holly v. Scott, 434 F.3d 287, 291 (4th Cir. 2006). Accordingly, plaintiff's Bivens claims against GEO Group were dismissed. The court, however, allowed plaintiff to proceed against Snyder, Branch, Alexander, and White.

On August 24, 2009, Snyder moved to dismiss plaintiff's complaint on the grounds that plaintiff failed to properly serve him. Snyder, Branch, Alexander, and White also moved to dismiss or for summary judgment, arguing that they are not amenable to suit under Bivens.

On September 2, 2009, plaintiff filed motion to amend his complaint, which motion was allowed. In his amended pleading, plaintiff states that he is not alleging a Bivens action. Instead, he

---

[1] BOP has a procurement contract with GEO Group under which it pays GEO to house federal inmates at Rivers. See Mathis v. GEO Group, Inc., No. 2:08-CT-21-D (E.D.N.C. Sept. 29, 2010) (unpublished).

2

argues that the court has jurisdiction over his action based upon diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff's amended complaint re-alleges claims against GEO Group, Branch (associate warden), Alexander (unit manager), White (inmate systems manager), and Snyder (now former warden at Rivers). Plaintiff's amended complaint also adds Miner (current warden), BOP, and Lappin (director of BOP) as defendants in this action.

Plaintiff's amended complaint specifically alleges that:

> (1) defendants acted with deliberate indifference in violation of the Eighth Amendment of the United States Constitution by subjecting him to the effects of environmental tobacco smoke at Rivers; (2) defendants acted with negligence in confining him at a facility where smoking is permitted; (3) GEO Group breached its contract with BOP; (4) GEO Group is liable pursuant to the doctrine of respondeat superior; and (5) BOP defendants have violated his rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

Plaintiff claims that defendants' alleged conduct has resulted in headaches, shortness of breath, chest pains, exacerbation of his allergies, irritation of his eyes and nose, as well as an increased risk of contracting lung cancer, heart disease, and other smoking-related ailments. Plaintiff requests monetary damages, declaratory relief, and injunctive relief.[2]

Around one year ago, on March 3, 2010, the court entered a comprehensive order addressing motions then outstanding. For reasons discussed more particularly therein, plaintiff's motion to amend his complaint and motion to add exhibits to his response in opposition to GEO defendants' motion for summary judgment were allowed. The court denied plaintiff's motions to appoint counsel and for class certification. The court also denied various would be plaintiffs' motions to intervene. Plaintiff's

---

[2] Plaintiff clarifies in his response to BOP defendants' motion to dismiss that he seeks only declaratory and injunctive relief against BOP defendants. (Pl's Resp. (DE # 127) p. 4.)

3

motion for a preliminary injunction and stay was denied as moot. The court denied Snyder's motion to dismiss for insufficient service, but quashed service of Snyder.

Also addressed were two motions for summary judgment on behalf of the GEO defendants then pending. The first raised primarily procedural grounds as basis for judgment while the second one delved more particularly into the facts. In their second motion for summary judgment, GEO defendants incorporated from their first motion for summary judgment the argument that they are not susceptible to suit under the <u>Bivens</u> doctrine, and they also urged that plaintiff's negligence claim is without merit because his medical records demonstrate that there is no proximate cause between plaintiff's exposure to second or third-hand smoke and his alleged injuries. In support, GEO defendants asserted that there were no references in any of plaintiff's medical records to complaints related to exposure to second or third-hand smoke and no indication that any of his complaints were caused by exposure to second or third-hand smoke. GEO defendants further argued that plaintiff's breach of contract claim fails because it is derivative of his failed negligence claim, and that his respondeat superior claim fails because there is no underlying negligence by a GEO employee.

For reasons set forth more particularly in its order, the court granted GEO defendants' motion for summary judgment as to plaintiff's constitutional claims, finding that they are barred by the Fourth Circuit's decision in <u>Holly v. Scott</u>, 434 F.3d 287, 291 (4th Cir. 2006).[3] The court denied GEO defendants' motion for summary judgment on plaintiff's negligence claim. The court found that GEO defendants failed to meet their burden of demonstrating that there was no genuine issue of material fact as to the causation element of plaintiff's negligence claim. In particular, the court found that GEO

---

[3] The GEO defendants raised this argument in both August 24, 2009, motion to dismiss and motion for summary judgment, as well as their November 20, 2009, second motion for summary judgment.

4

defendants relied upon plaintiff's medical records up through September 9, 2009, to establish that there are no references to any complaints related to exposure to second or third-hand smoke. The court agreed that plaintiff's medical records did not contain any specific complaints regarding second-hand smoke. However, plaintiff's medical records showed many ailments affecting him. The court determined genuine questions of fact exist regarding the cause of plaintiff's ailments. The court denied GEO defendants' motion for summary judgment on plaintiff's breach of contract and respondeat superior claims because these claims were conditioned upon this court granting summary judgment on plaintiff's negligence claim, which it did not do.

On May 7, 2010, BOP defendants filed a motion to dismiss for lack of subject matter jurisdiction arguing BOP defendants are entitled to sovereign immunity, supported by memorandum, on which further briefing ensured. On June 2, 2010, the court finally issued its initial order regarding planning and scheduling, which issuance was delayed due administrative oversight. The court notes some discovery processes already were ongoing. In its order, the court proposed certain deadlines for the case, including for discovery and motions filings, and directed the parties to file objections if a party objected to the proposed schedule. In hindsight, the order did not effectively meet the needs of the case as then postured. In response, BOP defendants filed a motion to stay discovery until the court ruled upon their pending motion to dismiss, which motion subsequently was allowed. The court stayed discovery involving the BOP defendants pending resolution of their motion to dismiss. The court's order entered July 9, 2010, stated however as to plaintiff and the GEO defendants a case schedule more appropriately tailored to the needs of an action just filed. The GEO defendants seemingly were encouraged by the text of the order to make what would be a third motion for summary judgment upon further discovery. On October 28, 2010, the court entered an order denying plaintiff's amended motion

5

to appoint counsel and granting GEO defendants' motion to take plaintiff's deposition.[4]  On November 22, 2010, GEO defendants filed their third motion for summary judgment, now before the court.

In their motion, GEO defendants argue that plaintiff is unable to demonstrate the elements for his negligence claim because he cannot provide the necessary expert testimony to establish the element of causation. GEO defendants additionally argue that plaintiff's breach of contract and respondeat superior claims fail because they are derivative of his failed negligence claim. On December 13, 2010, plaintiff filed a motion for the appointment of an expert witness. On June 24, 2011, plaintiff also filed a motion for leave of court to file a sur-reply to GEO defendants' motion for summary judgment. These requests are opposed by GEO defendants.

## DISCUSSION

A.  Plaintiff's Motion to File a Sur-reply

As noted, plaintiff has filed a motion for leave to file a sur-reply to GEO defendants' motion for summary judgment. GEO defendants contend that plaintiff should not be permitted to file a sur-reply because his pleading does not add anything new to the issues pending before the court. The court disagrees with defendants' characterization of plaintiff's sur-reply in that plaintiff's pleading provides supplemental medical records. Accordingly, for good cause shown, and in its discretion, plaintiff's motion is GRANTED.

B.  GEO Defendants' Motion for Summary Judgment

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty</u>

---

[4] Interestingly, the GEO defendants' third motion for summary judgment does not rely upon plaintiff's deposition.

6

Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

GEO defendants argue that plaintiff's negligence claim fails because he cannot establish proximate cause. In order to recover in a negligence action under North Carolina law, a plaintiff must allege "(1) a legal duty; (2) a breach thereof; and (3) injury proximately caused by the breach." Fussell v. North Carolina Farm Bureau Mut. Ins. Co., Inc., 365 N.C. 222, 226, 695 S.E.2d 437, 440 (2010) (citations omitted). "Proximate cause is ordinarily a jury question." Turner v. Duke Univ., 325 N.C. 152, 162, 381 S.E.2d 706, 712 (1989). However, "plaintiff must nevertheless provide a sufficient forecast of evidence to justify presentment to the jury." Kenyon v. Gehrig, 183 N.C. App. 455, 458, 645 S.E.2d 125, 127 (2007), disc. review denied, 658 S.E. 2d 272 (2008).

Here, GEO defendants once again attack plaintiff's ability to establish the causation element of his negligence claim. GEO defendants' previous attack on the causation element of plaintiff's negligence claim relied upon plaintiff's medical records to demonstrate a lack of causation, but the court found GEO defendants' reliance upon plaintiff's medical records to show causation to be insufficient. This time, GEO defendants argue that plaintiff is unable to establish causation because he failed to provide the necessary expert testimony to establish that the alleged exposure to environmental tobacco smoke proximately caused his alleged injuries.

7

In his sur-reply to GEO defendants' motion for summary judgment, plaintiff attaches medical records which state that "tobacco smoke is a trigger" to his asthma. (Pl.'s Sur-reply to Def.s' Mot. for Summary J. p. 1.) Sidestepping the question whether it is even proper at this stage for defendants to be allowed to present this successive summary judgment motion, the court finds that there is a genuine issue of material fact with respect to the causation element of plaintiff's negligence claim. Thus, the court denies defendants' third motion for summary judgment.

Defendants argue that plaintiff's breach of contract and respondeat superior claims fail because they are derivative of his failed negligence claim. Because defendants' motion for summary judgment for plaintiff's breach of contract and respondeat superior claims was conditioned upon this court granting summary judgment on plaintiff's negligence claim, defendants' motion for summary judgment for these claims also is DENIED.

C.   BOP Defendants' Motion to Dismiss

In his response to BOP defendants' motion to dismiss, plaintiff states that he alleges the following three claims against BOP defendants in his amended complaint: (1) an eighth amendment claim based upon deliberate indifference to second-hand smoke at Rivers; (2) a claim under the Equal Protection Clause; and (3) a negligence claim. Plaintiff consents to dismissal of his equal protection and negligence claims. Plaintiff further states that he seeks only declaratory and injunctive relief based upon his eighth amendment claim.

The court first addresses plaintiff's voluntary dismissal of his equal protection and negligence claims. An action may be dismissed voluntarily by the plaintiff without order of the court by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for

8

summary judgment. See Fed. R.Civ. P. 41(a)(1). Otherwise an action shall not be dismissed on the plaintiff's request except upon an order of the court. See Fed. R.Civ. P. 41(a)(2).

In this case, defendants filed an answer. Because defendants filed an answer, plaintiff's action may only be voluntarily dismissed pursuant to rule 41(a)(2), which permits voluntary dismissal "upon such terms and conditions that the court deems proper." A plaintiff's motion under rule 41(a)(2) should not be denied absent substantial prejudice to the defendants. Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986).

Plaintiff states that he no longer wishes to pursue his negligence and equal protection claims against BOP defendants, and BOP defendants do not object to the dismissal of these claims. The court finds this reasoning is consistent with rule 41(a)(2). Accordingly, plaintiff's request for voluntary dismissal of these claims is GRANTED.

BOP defendants first argue that the court lacks subject matter jurisdiction, pursuant to rule 12(b)(1), over plaintiff's eighth amendment claim against BOP defendants. Under rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the plaintiff is afforded the same protections he or she would receive under a rule 12(b)(6) motion. Id. The rule 12(b)(1) motion may attack alternatively the existence of subject matter jurisdiction in fact, apart from the complaint. Id. This type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Id. Because the court's power to hear the case is at issue in a rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Id.

BOP defendants assert the court lacks subject matter jurisdiction over plaintiff's claim. In support of its argument, BOP defendants rely upon the Fourth Circuit's decision in Holly v. Scott, 434 F.3d 287 (4th Cir. 2006).

The Fourth Circuit in Holly held that Bivens does not extend to provide a right of action against private employees whose actions are not fairly attributable to the government. Holly, 434 F.3d at 296-97. However, upon review of plaintiff's amended complaint, the court finds that plaintiff's allegations do not solely pertain to the conduct of GEO Group, a private corporation. Instead, plaintiff alleges that BOP, a government actor, violated his eighth amendment rights. In particular, plaintiff alleges in his amended complaint that BOP has implemented a nationwide non-smoking policy, which includes a ban on the sale of tobacco-related products in BOP facilities. (Am. Compl. ¶ 23.)

Plaintiff further alleges that Rivers has implemented a policy allowing inmates and staff to smoke inside the prison, and allows the sale of tobacco products in its commissary. (Id. ¶¶ 27-28.) Plaintiff alleges that GEO Group is contractually obligated to implement and comply with BOP policies, and that BOP is charged with monitoring GEO Group's compliance with its policies. (Id. ¶¶ 19, 21, and 22.) Plaintiff further alleges that he informed BOP about GEO Group's failure to comply with BOP's smoking policies, but that it failed to adequately respond. (Id. ¶¶ 45-47.) Finally, it is likely that BOP defendants have the authority to grant plaintiff's request for injunctive relief in the form of a transfer. See 18 U.S.C. § 3621(b). Based upon the foregoing, the court finds that plaintiff has alleged that BOP defendants engaged in conduct fairly attributable to the government. Thus, BOP defendants' motion to dismiss based upon subject matter jurisdiction is DENIED.

BOP moves to dismiss plaintiff's eighth amendment claim pursuant to rule 12(b)(6) based upon failure to state a claim upon which relief may be granted. A motion to dismiss under rule 12(b)(6)

10

determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

To prove an eighth amendment violation based on a substantial risk of serious harm from exposure to environmental tobacco smoke, plaintiff must prove two objective elements: (1) that he was exposed to unreasonably high levels of environmental tobacco smoke and (2) that today's society would not tolerate his exposure to this risk. See Helling v. McKinney, 509 U.S. 25, 35-36 (1993) (stating that a court must "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk.") In addition to the objective elements, plaintiff must prove a subjective element: that defendants were deliberately indifferent to plaintiff's exposure to the risk. See id. Specifically, an inmate must demonstrate that prison officials both knew of and disregarded a substantial risk to the

inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Williams v. Griffin, 952 F.2d 820, 826 (4th Cir. 1991) (stating that "once prison officials become aware of a problem with prison conditions, they cannot simply ignore the problem, but should take corrective action when warranted").

BOP defendants argue that, assuming without deciding, plaintiff is able to establish the objective prong of the eighth amendment test, he is not entitled to relief because he is unable to establish the second prong–that BOP defendants acted with deliberate indifference. As stated, plaintiff asserts that GEO Group is obligated to abide by BOP policies and procedures. Plaintiff asserts that BOP policy prohibits smoking and the sale of tobacco products at BOP facilities, but that GEO Group allows smoking and the sale of tobacco products at Rivers. Plaintiff further alleges that BOP has a duty to monitor GEO Group's compliance with BOP policies. Finally, plaintiff asserts that BOP defendants had knowledge of the alleged tobacco-related policy violations because he raised the issue through BOP's administrative remedy procedure, and BOP failed to correct the problem.

BOP defendants, in response, argue that they did not act with deliberate indifference by failing to address plaintiff's claim through BOP's administrative remedy process because the issue was not appealable to BOP. However, it is not clear from the pleadings alone whether the issue was appealable to BOP. For instance, plaintiff alleges that he filed, and exhausted, a grievance, raising this issue, with the Privatization Management Branch of BOP. (Am. Compl. ¶ 46 and Ex. K.) Moreover, federal statutes indicate that this issue is one reserved for BOP because the authority to transfer an inmate lies with BOP. See 18 U.S.C. § 3621; Bell v. Wolfish, 441 U.S. 520, 539, 540-41 n. 23 (1979). Additionally, federal law imposes upon BOP the duty to provide "suitable quarters and provide for the

12

safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States. . . ." 18 U.S.C. § 4042(a)(2).

Based upon the foregoing, the court finds that, in his amended complaint, plaintiff has alleged that he alerted BOP to his smoking-related concerns, and BOP rejected them. Accordingly, plaintiff has alleged facts sufficient to establish that BOP was on notice of the second and third-hand smoke issue at Rivers. See Mathis v. GEO Group, Inc., No. 2:08-CT-21-D, 2010 WL 3835141, * 6 (E.D.N.C. Sept. 29, 2010) (unpublished) (finding that for the purposes of standing, a plaintiff who submitted administrative remedy appeals to BOP's Privatization Management Branch, which were rejected, "sufficiently demonstrated a 'challenged agency action.'") (citations omitted). Thus, the court finds that plaintiff has alleged facts sufficient to satisfy the subjective prong of the eighth amendment test. Because BOP defendants did not argue that plaintiff failed to satisfy the objective prong of the eighth amendment test and plaintiff has made allegations sufficient to satisfy the subjective prong, the court finds that plaintiff has sufficiently alleged an eighth amendment claim. As a result, BOP defendants' motion to dismiss is DENIED.

D. Appointment of Counsel

The court revisits its October 28, 2010, order denying plaintiff's motion to appoint counsel. The Fourth Circuit has held that courts may be required to request counsel for *pro se* litigants in "exceptional circumstances." Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 300 n.2 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Id. (citing Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982)). The court finds that the complex issues of this case now derived require the appointment of counsel.

13

Accordingly, the court appoints NCPLS to represent plaintiff in this matter, and will set a schedule for disposition of the case with input from counsel.

E.  Plaintiff's Motion for the Appointment of an Expert Witness

Plaintiff requests that this court appoint him a medical expert pursuant to Federal Rule of Civil Procedure 706. As stated, the court has appointed NCPLS to represent plaintiff in this action. The court will allow NCPLS the opportunity to review plaintiff's action, including plaintiff's request for a medical expert. Should NCPLS determine that a medical expert is necessary in this action, it may file a motion for the appointment of a medical expert. Accordingly, the court DENIES plaintiff's motion to appoint a medical expert, without prejudice.

F.  Schedule

The docket reflects that plaintiff and GEO defendants have engaged in discovery, and the discovery period closed on October 1, 2010. Where pending motions made by these defendants all now have been addressed, the court turns its attention more particularly to the BOP defendants.

Plaintiff's action against BOP defendants presents a different procedural posture where the BOP defendants' request to stay discovery pending the court's resolution of their motion to dismiss was allowed. Accordingly, plaintiff and BOP defendants have not yet had the opportunity to engage in discovery. The court will establish upon conference with the parties a deadline for conduct of discovery as between plaintiff and BOP defendants, and a motions deadline of or relating to BOP defendants. The court also will consider some form of alternative dispute resolution and set a trial date.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave of court to file a sur-reply brief (DE # 163) is GRANTED. The motion to dismiss (DE # 124) filed by BOP defendants is DENIED. The third motion for summary judgment (DE # 150) filed by GEO defendants is DENIED. Plaintiff's motion to appoint an expert witness (DE # 154) is DENIED, without prejudice. The court appoints NCPLS to represent plaintiff in this action. NCPLS is DIRECTED to file a notice of appearance in this action within fourteen (14) days from the entry of this order. The Clerk of Court is DIRECTED to coordinate a telephone conference with the parties through their counsel to discuss scheduling matters on April 26, 2011, at 10:00 a.m. Counsel shall contact Christa Baker at (252) 638-7501 no later than April 22, 2011, to provide the case manager with their contact information.

SO ORDERED, this the 31st day of March, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge