IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3115-FL

| | | |
|---|---|---|
| ANTHONY RODERICK PHILLIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GEO GROUP, INC.; GEORGE E. | ) | ORDER |
| SNYDER; WALLACE BRANCH; | ) | |
| TARA ALEXANDER; JOHN WHITE; | ) | |
| JONATHAN MINER; THE BUREAU | ) | |
| OF PRISONS; AND HARLEY | ) | |
| LAPPIN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court following telephonic Rule 16 conference, conducted April 26, 2011, with plaintiff appearing through counsel Tod Michael Leaven, defendants Bureau of Prisons and Harley Lappin (together, "BOP defendants") appearing through counsel Michael Lockridge, and defendants GEO Group, Inc., George Snyder, Wallace Branch, Tara Alexander, John White, and Jonathan Miner (together, "GEO defendants") appearing through counsel Robert Numbers. The court during conference took up and considered several matters pertaining to scheduling in this case. This order serves to memorialize matters decided during conference.

Plaintiff indicates his anticipated filing of a motion to amend, seeking to revive certain tort claims against BOP defendants, which claims previously were dismissed voluntarily by plaintiff. The court notes that the time within which to file motion to amend has passed, but, noting also minimal prejudice to BOP defendants, the court reopened the time for filing motion to amend with the understanding that any proposed amendment shall be limited to claim(s) against BOP defendants

only. The court notes BOP defendants' opposition to anticipated motion on the basis that plaintiff, acting *pro se*, previously abandoned claim(s) that plaintiff, through counsel, may seek to resurrect.

In preface to any determination concerning the making of such a motion, as agreed at conference, BOP defendants shall provide documentation of or relating to exhaustion and/or regarding potential amendment to plaintiff no later than **May 10, 2011.** If plaintiff thereafter desires to move forward with anticipated motion to amend, plaintiff shall file such motion to amend no later than **May 17, 2011.**

The court considered and plaintiff requested stay of the deadline for response to BOP defendants' pending motion for summary judgment, which request is opposed by BOP defendants. Ultimately, the court declined to stay any response and briefing on BOP defendants' motion for summary judgment shall proceed on the schedule in effect.

The joint motion to reopen discovery as between plaintiff and GEO defendants is ALLOWED. A five-month period of discovery, which period shall include the conduct of expert discovery and depositions as needed, shall be allowed; however, as consented to by the parties this date, in furtherance of the just, speedy, and inexpensive determination of the action, this period of discovery is STAYED, pending the court's decision on BOP defendants' motion for summary judgment and plaintiff's motion to amend, if any, at which time the court shall issue an order specifically setting forth the parameters for discovery and further proceedings in the case. It was noted, however, that after discovery is concluded, should GEO defendants wish opportunity to file a fourth motion for summary judgment, said defendants must show specific grounds for reopening a period for the filing of dispositive motions, where two substantive motions pursuant to Rule 56 are among the three of record, and these defendants have had opportunity to conduct discovery.

2

Case 5:09-ct-03115-FL   Document 170   Filed 04/26/11   Page 2 of 3

SO ORDERED, this the 26th day of April, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

3